Filed 10/31/25  P. v. Collier CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E084331 |
| v. | (Super.Ct.No. SCR56699) |
| TRACY COLLIER, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Gregory S. Tavill, Judge.  Affirmed.

Allen G. Weinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal, James M. Toohey and Andrew Mestman, Deputy Attorneys General, for Plaintiff and Respondent.

1

INTRODUCTION

Defendant and appellant Tracy Lavail Collier appeals an order denying his Penal Code[1] section 1172.6 resentencing petition at the prima facie stage of the proceedings. We affirm.

PROCEDURAL BACKGROUND[2]

In 1992, a jury found defendant guilty of willful, deliberate, premeditated attempted murder. (§§ 664/187 (a), count 1.) It also found that he personally used a firearm in the commission of the offense, within the meaning of former section 12022.5, subdivision (a). A trial court sentenced him to a term of life with the possibility of parole, plus four years on the firearm use enhancement.

On May 30, 2019, defendant filed an amended petition for resentencing under former section 1170.95 (renumbered section 1172.6 by Stats. 2022, ch. 58, effective June 30, 2022)[3], alleging that he was entitled to relief under Senate Bill No. 1437 (Senate Bill 1437). (*People v. Collier* (Jan. 9, 2020, E073168 [nonpub. opn.] (*Collier*).) On June 28, 2019, the trial court denied the petition after determining that section 1172.6 did not apply to attempted murder. (*Ibid.*) Defendant appealed, and defense counsel filed a brief

---

[1] All further statutory references will be to the Penal Code unless otherwise indicated.

[2] Because the facts of the case are not relevant to the issue raised on appeal, we have not included a statement of facts.

[3] To avoid confusion, we will refer to the statute as section 1172.6 in this opinion.

pursuant to *People v. Wende* (1979) 25 Cal.3d 436. We affirmed the judgment. (*Collier*, *supra*, E073168.)

On or around January 18, 2022, defendant filed a resentencing petition form pursuant to section 1172.6, in propria persona. On March 3, 2022, he filed another in propria persona petition form under section 1172.6. He filed yet another section 1172.6 resentencing petition form on April 22, 2022. On September 8, 2022, the trial court denied defendant's petition (hereinafter, the second petition)[4], noting that he was ineligible for resentencing under section 1172.6 as a matter of law because a jury convicted him of deliberate, premeditated attempted murder. The court also noted the jury found that defendant personally used a firearm in the commission of the offense.

On June 24, 2024, defendant filed a handwritten "Renewed Petition for Resentencing [and] Request for Appointment of Counsel" (renewed resentencing petition), pursuant to section 1172.6.

On July 1, 2024, the trial court issued a minute order, which indicated that it had reviewed defendant's renewed resentencing petition and stated the following:

"Defendant convicted of willful, deliberate, premeditated attempted murder, and that [*sic*] he personally used a firearm in the commission of that crime.¶ The Petition does not allege Defendant was convicted under the natural and probable consequences doctrine as required. (PC 1172.6 (a) (1)(A).)¶ Moreover, Defendant not eligible as a matter of law based on jury instructions and jury's verdict and findings."

_____

[4] The court apparently ruled on all three of defendant's petitions as if they were one petition, since they were all virtually the same.

3

The court attached copies of the jury instructions regarding count 1, the attendant "willful, deliberate, and premeditated" allegation, and the personal firearm use allegation. The instructions explained that defendant was accused of committing attempted murder in count 1, and that in order to prove that crime, the following elements had to be shown: (1) "A direct but ineffectual act was done by one person towards killing another human being" and (2) "The person committing such act harbored express malice aforethought, namely, a specific intent to kill unlawfully another human being."

The instructions further explained that if the jury found defendant guilty in count 1, it had to determine whether the allegation that the crime attempted was willful, deliberate, and premeditated murder was true. The instruction stated that an attempt to commit willful, deliberate, and premeditated murder was defined as "preceded and accompanied by a clear, deliberate intent to kill, which was the result of deliberation and premeditation, so that it must have been formed upon pre-existing reflection . . . " The jury was also instructed that it had to determine whether defendant personally used a firearm in the commission of count 1.

Additionally, the court attached the verdict forms demonstrating that the jury found defendant guilty of count 1 and found true the allegations that count 1 was an attempt to commit willful, deliberate and premeditated murder and that defendant personally used a firearm in the commission of the offense.

Defendant filed a timely notice of appeal from the denial of the renewed resentencing petition.

4

DISCUSSION

The Trial Court Properly Denied the Renewed Resentencing Petition

Defendant contends the trial court erred in summarily denying his renewed resentencing petition at the prima facie stage, without appointing him counsel, offering the parties the chance for further briefing, or holding a hearing to determine if he had made a prima facie case for relief. Defendant also asserts that the court did not include a full set of jury instructions with its ruling, and it improperly relied on the fact that the jury found that he personally used a firearm in the commission of the crime. Finally, he claims that "[n]othing in the record dispositively establishes [he] was the personal [*sic*] who personally acted with express malice." Thus, defendant argues the denial order should be reversed and the matter remanded with directions to appoint counsel, allow the opportunity for briefing, and hold a prima facie hearing.

The People contend the renewed resentencing petition is procedurally barred by the doctrine of collateral estoppel because the court's prior findings in denying his resentencing petition on September 8, 2022 "remained undisturbed" and the applicable law has not changed since then.

We conclude the court properly denied defendant's renewed resentencing petition, and defendant has not shown otherwise.

A. *Resentencing Law*

Effective January 1, 2019, Senate Bill No. 1437 (2017-2018 Reg. Sess., Stats. 2018, ch. 1015 (Senate Bill 1437)) was enacted "'to amend the felony murder rule and

5

the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.'" (*People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).) Senate Bill 1437 "substantially modified the law relating to vicarious liability for murder by eliminating the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder [Citation] and by narrowing the scope of felony murder [Citation]." (*People v. Lopez* (2022) 78 Cal.App.5th 1, 11 (*Lopez*).) It "eliminated the natural and probable consequences doctrine by adding the following language to section 188: 'Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime.'" (*Ibid.*; § 188, subd. (a)(3).) Effective January 1, 2022, Senate Bill 775 amended section 1172.6 to clarify, among other things, that persons convicted of attempted murder under the natural and probable consequences doctrine are eligible for resentencing under the statute. (Stats. 2021, ch. 551, §§ 1-2.)

Senate Bill 1437 added section 1172.6, which provides a procedure for individuals convicted of attempted murder who could not be convicted under the law as amended to retroactively seek relief. (*Lewis, supra*, 11 Cal.5th at p. 957.) Under section 1172.6, the relief process begins with the filing of a petition containing a declaration that all requirements for eligibility are met (§ 1172.6, subd. (b)(1)(A)), "including that '[t]he

6

petitioner could not presently be convicted of murder or attempted murder because of changes to [Penal Code] Section 188 or 189 made effective January 1, 2019,' the effective date of Senate Bill 1437 (§ 1172.6, subd. (a)(3))." (*People v. Strong* (2022) 13 Cal.5th 698, 708 (*Strong*).)

When the trial court receives a petition containing the necessary declaration and other required information, the court must "hold a hearing to determine whether the petitioner has made a prima facie case for relief." (§ 1172.6, subd. (c).) "If the court finds the petitioner has made a prima facie case, the court must issue an order to show cause." (*Lopez, supra*, 78 Cal.App.5th at p. 12; § 1172.6, subds. (c).) However, "[i]f the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition." (*Strong, supra*, 13 Cal.5th at p. 708; *Lewis*, *supra*, 11 Cal.5th at pp. 970-972.)

The record of conviction includes the charging document, verdict forms, closing arguments, and jury instructions. (*People v. Jenkins* (2021) 70 Cal.App.5th 924, 935.) "A petitioner is ineligible for resentencing as a matter of law if the record of conviction conclusively establishes, with no factfinding, weighing of evidence, or credibility determinations, that (1) the petitioner was the actual killer, or (2) the petitioner was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree, (3) the petitioner was a major participant in the underlying felony and acted with reckless indifference to human life, or (4) the petitioner acted with malice

7

aforethought that was not imputed based solely on participation in a crime." (*Lopez, supra*, 78 Cal.App.5th at p. 14.)

The trial court here denied defendant's resentencing petition on the ground that he had failed to make a prima facie case for resentencing relief. "'""A denial at that stage is appropriate only if the record of conviction demonstrates that 'the petitioner is ineligible for relief as a matter of law.' [Citations.] This is a purely legal conclusion, which we review de novo."'" (*Lopez, supra*, 78 Cal.App.5th at p. 14.)

B. *Collateral Estoppel Bars Relitigation of the Issue of Defendant's Entitlement to Relief Under Senate Bill 1437*

We first note the People's argument that defendant's renewed resentencing petition was procedurally barred. Collateral estoppel "bars relitigation of issues earlier decided 'only if several threshold requirements are fulfilled. First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.'" (*Strong, supra*, 13 Cal.5th at p. 716.) Collateral estoppel "applies in criminal as well as civil proceedings." (*Ibid.*)

Collateral estoppel applies here. As the People assert, defendant raises an issue that was already decided by the court denying his second resentencing petition. In his

8

second petition, defendant claimed he was entitled to relief under Senate Bill 1437 because he was convicted of attempted murder on a now invalid theory (i.e., the natural and probable consequences doctrine). On September 8, 2022, the court deciding his second petition determined that he was ineligible for resentencing under section 1172.6 as a matter of law because a jury convicted him of deliberate, premeditated attempted murder. We note that defendant filed the second petition, and the court ruled on it, after the effective date of Senate Bill 775, which clarified that persons convicted of attempted murder under the natural and probable consequences doctrine are eligible for resentencing under section 1172.6. We also observe that defendant is not claiming there were any irregularities in the proceedings, and it does not appear that he appealed the court's decision; thus, it has become final. (See *People v. Bunn* (2022) 27 Cal.4th 1, 21 [a judgment becomes final when the time for appealing an inferior court decision has expired]; *People v. Mendez* (1999) 19 Cal.4th 1084, 1094 [to appeal from a judgment of conviction, a defendant must file a notice of appeal within 60 days after rendition of judgment].) Accordingly, defendant cannot relitigate this issue. "[A] section [1172.6] petition is not a means by which a [petitioner] can relitigate issues already decided." (*People v. Coley* (2022) 77 Cal.App.5th 539, 549 (*Coley*).)

C. *The Record of Conviction Demonstrates Defendant is Ineligible for Relief as a Matter of Law*

Even if defendant is not procedurally barred, we conclude the trial court properly denied his renewed resentencing petition. Section 1172.6 applies by its terms only to

9

attempted murders based on the natural and probable consequences doctrine. (§ 1172.6, subd. (a) ["A person convicted of . . . attempted murder under the natural and probable consequences doctrine . . . may file a petition"].) There is no indication in the record before us that the court instructed the jury on this doctrine. Rather, it instructed the jury that to convict defendant of attempted murder, it was required to find that:

"1. A direct but ineffectual act was done by one person towards killing another human being; and

2. The person committing such act harbored express malice aforethought, namely, a specific intent to kill unlawfully another human being."

The court also instructed the jury as to the "willful, deliberate, and premeditated" allegation on count 1, in part, as follows: "If you find that the attempt to commit murder was preceded and accompanied by a clear, deliberate intent to kill, which was the result of deliberation and premeditation, . . . it is attempt to commit willful, deliberate, and premeditated murder."

The record shows that the jury instructions specifically advised that an attempted murder conviction required a finding that defendant harbored a specific intent to kill. Further, a true finding on the "willful, deliberate, and premeditated" allegation required the jury to find that defendant acted with a "clear, deliberate intent to kill." Accordingly, since the jury found defendant guilty of willful, deliberate, premeditated attempted murder, it necessarily found that he acted with the intent to kill. In other words, the record of conviction before us shows the jury found defendant acted with the intent to

10

kill, and that he was convicted of attempted murder as a perpetrator and not under the natural and probable consequences doctrine. Therefore, the court properly found that he was ineligible for relief under section 1172.6. (*Lopez, supra*, 78 Cal.App.5th at p. 14 [petitioner is ineligible as a matter of law if record of conviction establishes he "acted with malice aforethought that was not imputed based solely on participation in a crime"]; see *Coley, supra*, 77 Cal.App.5th at pp. 547-548; see also, *People v. Cortes* (2022) 75 Cal.App.5th 198, 204.) To the extent the court may have erred by summarily denying defendant's renewed resentencing petition without first appointing counsel (§ 1172.6, subd. (b)(3)), any error was harmless, since defendant is ineligible for relief as a matter of law.

Defendant attempts to circumvent this result by arguing that the record on appeal "does not contain the full set of jury instructions nor does it contain a reporter's transcript of any portion of the underlying trial such as instructions to the jury or closing arguments." He also contends that "because the jury instructions and closing arguments were not reviewed and are not part of the appellate record, it is impossible to determine what theories of guilt may have been presented to [the] jury." Nothing in the record supports the contention that the trial court did not review the jury instructions and closing arguments. "Since the record discloses no basis for defendant's assertion, we decline to engage in such speculation." (*People v. Rodrigues* (1994) 8 Cal.4th 1060, 1116, fn. 20; see also, *People v. Birdwell* (1967) 253 Cal.App.2d 621, 626-627 ["'[An] appellate court will not consider assignments of error based upon asserted matters not shown by the

11

record and supported by nothing more than statements in an appellant's brief.'"].)

Rather, we presume the trial court regularly performed its duties. (Evid. Code, § 664.)

Furthermore, "it is the appellant's burden to affirmatively demonstrate error." (*People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1573 ; *People v. Tang* (1997) 54 Cal.App.4th 669, 677 ["'it is defendant's burden on appeal to affirmatively demonstrate error — it will not be presumed. [Citation.]'"].) Not only does defendant bear the burden of demonstrating the court erred, "but the defendant further bears the burden to provide a record on appeal which affirmatively shows that there was an error below, and any uncertainty in the record must be resolved against the defendant." (*People v. Sullivan* (2007) 151 Cal.App.4th 524, 549 (*Sullivan*).)

Defendant specifically complains that the record on appeal does not contain the full set of jury instructions. He similarly claims that the trial court "purported to cite the jury instructions on this case, but only a small portion[] of those instructions were included in the record on appeal." Notably, defendant has not argued or demonstrated that the court erred in its decision, as he does not claim he was convicted under the natural and probable consequences doctrine. Instead, he contends that it is "impossible to determine" what theories were presented to the jury because of the allegedly deficient record on appeal. However, it was *his* burden to provide a record on appeal which affirmatively shows there was error below. (*Sullivan*, *supra*, 151 Cal.App.4th at p. 549; see also, *People v. Alvarez* (1996) 49 Cal.App.4th 679, 694 ["It has long been settled that

12

the burden is on an appellant to affirmatively show in the record that error was committed by the trial court"].) He has not done so.

As to defendant's claim that "*the court* did not include a full set of jury instructions" with its order finding him ineligible for relief (emphasis added), we assume the court just included the instructions and verdict forms that supported its decision.

Ultimately, upon de novo review, we find no error based on the record before us. We conclude the court properly found that defendant was ineligible for relief under section 1172.6 as a matter of law.

## DISPOSITION

The order denying defendant's renewed resentencing petition under 1172.6 is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS _____
                                                                    J.


We concur:

McKINSTER _____
                    Acting P. J.
RAPHAEL _____
                            J.

13